UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMY SCHNEIROW FANNON,<br><br>        Plaintiff,<br><br>        v.<br><br>NEXICON, INC.; SAM GLINES; RICHARD A. URREA; TOMMY STIANSEN; et al.,<br><br>        Defendants. | Case No. CV09-07773 DMG (FFMx)<br><br>**ORDER TO SHOW CAUSE AS TO WHY MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

      On September 23, 2009, Plaintiff filed a complaint in the Los Angeles Superior Court. On October 26, 2009, Defendants filed a Notice of Removal, removing the matter to this Court on the basis of diversity jurisdiction.

      In the Notice of Removal, Defendants alleged that Defendant Nexicon, Inc. ("Nexicon") is a Nevada corporation with its principal place of business in St. Louis, Missouri. Defendants also alleged that Defendant Stiansen is a resident and citizen of the State of New York. According to Plaintiff, however, Nexicon's principal place of business appears to be Malibu, California and Mr. Stiansen is a resident of the State of

California. (Fannon Decl. at 4-5.) Plaintiff alleges that she is a resident of the State of California. (Compl. at 1.)

"28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S.61, 68 (1996); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants."). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). The Supreme Court held recently in *Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601 (2010), "that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at *11.

"The burden of persuasion for establishing jurisdiction, of course, remains on the party asserting it." *Id*. at *14. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). If it is true that Nexicon and Mr. Stiansen are citizens of the State of California for purposes of 28 U.S.C. § 1332, then complete diversity is absent and the Court lacks subject matter jurisdiction. Accordingly, the Court hereby issues an order to show cause as to why the matter should not be remanded to state court for lack of subject matter jurisdiction.

In light of the foregoing:

1.     Defendants are ordered to show cause in writing why the matter should not be remanded for lack of subject matter jurisdiction;

2.     Defendants shall file a brief with the Court by no later than March 24, 2010 and Plaintiff may file a response by March 31, 2010; and

3. The March 12, 2010 hearings on the motion to withdraw as counsel filed by counsel for Defendants and on Plaintiff's motion for judgment on the pleadings or summary judgment shall be continued to April 12, 2010 at 2:00 p.m.

IT IS SO ORDERED.

DATED:  March 9, 2010

                                                    DOLLY M. GEE
                                             United States District Judge